## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF MISSISSIPPI
## EASTERN DIVISION

**RONALD MOORE**                                                                                          **PLAINTIFF**

**VS.**                                                                   **CAUSE NO. 2:23-cv-00201-KS-MTP**

**KROGER LIMITED PARTNERSHIP I**
**JOHN DOES 1-5**                                                                                        **DEFENDANTS**

### ANSWER AND DEFENSES OF KROGER DEFENDANT

**COMES NOW** Defendant, Kroger Limited Partnership I, (sometimes hereinafter referred to as "Kroger" or "Kroger Defendant"), by and through counsel, and in answer to the Complaint states as follows:

### FIRST DEFENSE

That the Complaint does not state a cause of action against any Defendant sufficient under law for any type of recovery and therefore all claims should be denied and the Complaint should be dismissed with prejudice. Fed. R. Civ. P. 12.

### SECOND DEFENSE

Answering the allegations of the Complaint, and without waiving any defenses, the Kroger Defendant states:

### PARTIES

1.

Kroger is without sufficient information to admit or deny the allegations of Paragraph 1 of the Complaint, but upon information and belief, admits only that Plaintiff is a resident of Jones, Mississippi.

2.

The Defendant, Kroger Limited Partnership I, admits only that it has been served and hereby gives notice that it operates the grocery store in question. Further, Defendant provides the following CORPORATE DISCLOSURE STATEMENT for KROGER LIMITED PARTNERSHIP I. The partners of Kroger Limited Partnership I are: KRGP Inc. is the general partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock. The Kroger Co. is the limited partner. It is an Ohio Corporation with Ohio citizenship. There are no parent corporations nor any publicly held corporations which own ten percent (10%) or more of its stock.

## JURISDICTION AND VENUE

3.

Kroger notes that the allegations of this Paragraph are conclusory statements of law or fact which require no response at this time and are therefore denied.

## FACTUAL BACKGROUND

4.

Kroger notes that the allegations of Paragraph 4 constitute conclusory statements of law or fact which require no response at this time and are denied. Kroger admits only, upon information and belief, that Plaintiff was present at the Kroger Store located at in Laurel, Mississippi on or about January 7, 2023.

5.

Kroger notes that the allegations of Paragraph 5 constitute conclusory statements of law or fact which require no response at this time and are denied.

6.

Kroger notes that the allegations of Paragraph 6 constitute conclusory statements of law or fact which require no response at this time and are denied.

7.

Kroger notes that the allegations of Paragraph 7 are conclusory statements of law or fact which require no response at this time and are denied. Kroger further responds that those allegations of fault and damages are specifically denied at this time.

8.

Kroger notes that the allegations of Paragraph 8 constitute conclusory statements of law or fact which require no response at this time and are denied.

## CAUSE OF ACTION: NEGLIGENCE; GROSS NEGLIGENCE

9.

Denied as stated. Kroger notes that the allegations of Paragraph 13 merely constitute conclusory statements of law or fact which require no response at this time. To the extent Plaintiff is seeking to impute liability to this Defendant, those allegations are specifically denied. This Defendant expressly denies any fault or liability at this time.

## AD DAMNUM CLAUSE

10.

The allegations of Paragraph 10, including subparagraphs (1). – (5)., merely constitute conclusory statements of law or fact which require no response at this time and are denied. This Defendant expressly denies any fault or liability at this time.

## PRAYER FOR RELIEF

In answer to the paragraph which begins with the phrase "WHEREFORE", Kroger Defendant at this time denies liability and denies that the Plaintiff is entitled to a judgment against

it for any of the claims and allegations included in the complaint, or for any forms of compensatory damages, consequential, incidental, extra-contractual and/or punitive damages, or costs and expenses, costs of court, attorney's fees, pre-judgment interest, post-judgement interest or for any other relief or recovery of any kind, type, or sort whatsoever.

## ADDITIONAL AFFIRMATIVE DEFENSES

And now, without waiving any defenses that have already been asserted, Kroger Defendant states the following:

### THIRD DEFENSE

The affirmative statements and denials contained in the foregoing Answer are incorporated herein by reference.

### FOURTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert that it did all required of it in the premises and was in no way negligent or otherwise at fault.

### FIFTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert that it was at all times in compliance with the requisite standard of care and is not liable or responsible to the Plaintiff for any reason whatsoever.

### SIXTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, contributory negligence as a defense hereto, and asserts §11-7-15 of the Mississippi Code.

## SEVENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert, if applicable, and subject to withdrawal, failure to exercise due and proper caution for Plaintiff's own safety, and that the Plaintiff's conduct is the sole or a proximate cause of whatever may have occurred.

## EIGHTH DEFENSE

If applicable, and subject to withdrawal, Kroger Defendant asserts § 85-5-7 of the Mississippi Code.

## NINTH DEFENSE

That Kroger Defendant is in no way responsible for the acts of others who are not under its direction and control.

## TENTH DEFENSE

If applicable, and subject to withdrawal, Kroger Defendant asserts, as may be applicable in this action, any and all defenses of pre-existing medical conditions, or disease, handicap, or lesions, or any other condition involving the Plaintiff.

## ELEVENTH DEFENSE

Kroger Defendant, as may be applicable in this action, denies that the Plaintiff is entitled to any type of recovery from Answering Defendant[s].

## TWELFTH DEFENSE

Kroger Defendant reserves the right to amend this Answer at any time prior to trial.

## THIRTEENTH DEFENSE

Kroger Defendant, as may be applicable in this action, denies all allegations contained in the Complaint which seek to impose liability for damages, compensatory or punitive, arising from or connected with the allegations of the Complaint and the Plaintiff.

## FOURTEENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right to assert as may be applicable in this action that the sole proximate cause, or in the alternative a proximate contributing cause, of any alleged damages sustained by the Plaintiff is the negligence or wrongful acts of others for which Kroger is not liable or is the direct result of other causes and conditions over which Kroger had no control.

## FIFTEENTH DEFENSE

The facts not having been fully developed, Kroger Defendant affirmatively pleads the following affirmative defenses as may be applicable in this action: improper venue; insufficiency of process or the service of process; failure to join necessary parties; the terms, provisions and conditions of any contract or agreement; accord and satisfaction, assumption of risk; contributory negligence; estoppel; failure of consideration; fraud; illegality; injury by fellow servant; laches; license; payment; release; res judicata; statute of frauds; statute of limitations; waiver; the alleged losses and damages complained of were proximately caused or proximately contributed to by external forces, acts of nature, force majeure, or negligent acts of others for whom this Defendant is not responsible or liable; and any other matter constituting an avoidance or affirmative defense.

## SIXTEENTH DEFENSE

Kroger Defendant invokes the limitations, protections, caps on non-economic damages, and immunities afforded it by the Mississippi Malpractice Tort Reform Act, as amended including, but not limited to, Section 7, MCA § 11-1-65; the Mississippi Constitution and the United States Constitution. Without waiving any other affirmative defense and pleading in the alternative, this Defendant further pleads being entitled to all rights, benefits and privileges afforded by the Mississippi Legislature and the Mississippi Code, in particular but not limited to certain enactments as set forth in the 2002 Mississippi Laws Third Extraordinary Session, Chapter 4 (H.B.

No. 19) – Civil Justice Reform Act and the 2004 Mississippi Laws First Extraordinary Session, Chapter 1 (H.B. No. 13) – Civil Procedure – Tort Reform – Venues; Damages; Juries, etc. and this Defendant expressly reserves all rights provided thereby, including transfer of venue, and limitations on damages.

### SEVENTEENTH DEFENSE

The facts and circumstances not being fully discovered, Kroger Defendant expressly reserves the right, as may be applicable in this action, to assert that any alleged losses and damages complained of by the Plaintiff were proximately caused or proximately contributed to by the Plaintiff, or by external forces, acts of nature, force majeure, or negligent or wrongful acts of others for whom Defendants are not responsible nor liable.

### EIGHTEENTH DEFENSE

The facts and circumstances not being fully discovered, these answering Defendants expressly reserve the right, as may be applicable in this action, to assert and seek contribution and apportionment from others pursuant to Miss. Code Ann. § 85-5-7. Any fault of Kroger, although Kroger expressly denies any fault, was minimal and of no consequence in comparison to the wrongful acts of the Plaintiff or others for which Kroger is not responsible, therefore Kroger is entitled to apportionment, contribution, and/or indemnity from any other entities at fault, and Kroger is responsible only for any percentage of fault directly attributable to it.

### NINETEENTH DEFENSE

The facts and circumstances not being fully discovered, answering Defendant[s] expressly reserves the right to assert, if appropriate, as may be applicable in this action, that Plaintiff failed to mitigate damages, if any. Kroger should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence

7

and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

## TWENTIETH DEFENSE

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of intervening acts or subsequent or superseding events which were the proximate or substantially contributing cause, Answering Defendant[s], as may be applicable in this action, reserves the right to defend on said basis.

## TWENTY FIRST DEFENSE

As a matter of fact, the Plaintiff has no claim against Answering Defendant[s].

## TWENTY SECOND DEFENSE

As a matter of law, the Plaintiff has no claim against Answering Defendant[s].

## TWENTY THIRD DEFENSE

Answering Defendant[s] deny all of the allegations of the Complaint not specifically admitted in the answer, and, as may be applicable in this action, deny that the Plaintiff is entitled to any relief whatsoever from Answering Defendant[s].

## TWENTY FOURTH DEFENSE

If appropriate, and subject to withdrawal, if Plaintiff failed to mitigate damages Answering Defendant[s] should not be liable or responsible for damages allegedly sustained by the Plaintiff, if any, that were caused or contributed to by the Plaintiff's negligence and failure to mitigate damages or take reasonable steps to avoid damages, or lessen resulting damages, or otherwise exercise ordinary or reasonable care and diligence.

## TWENTY FIFTH DEFENSE

Kroger Defendant reserves the right to file any claim allowed to it pursuant to Rules 13 and/or 14 of the Federal Rules of Civil Procedure, and places the Plaintiff on notice of such.

**TWENTY SIXTH DEFENSE**

In the event subsequent investigation reveals that the Plaintiff's damages, if any, are the result of an intervening act or subsequent or superseding event which was the sole proximate or substantially contributing cause, Answering Defendant[s] reserves the right to defend on said basis.

**TWENTY SEVENTH DEFENSE**

Plaintiffs have failed to state a claim upon which punitive or exemplary damages may be awarded. Defendants assert and plead the applicable provisions of Miss. Code Ann. § 11-1-65, as amended, which pertain to the imposition of punitive damages. Defendants affirmatively assert all defenses and limitations afforded by *State Farm Mut. Auto Ins. Co. v. Campbell*, 123 S.Ct. 1513 (2003); and asserts that they may never incur vicarious liability for punitive damages under applicable Mississippi law, including, but not limited to, Mississippi Code Annotated Section 11-1-65.

**TWENTY EIGHTH DEFENSE**

Defendants aver that any award of punitive damages to Plaintiffs in this case would be in violation of the constitutional rights and safeguards provided to the Defendants under the Constitution of the State of Mississippi and the Constitution of the United States of America, including, without limitation, that there are no constraining limitations placed on a jury's discretion in considering the imposition or amount of punitive damages, there are no meaningful trial court and appellate review mechanisms to constitutionally confirm any punitive damage award, imposition would allow a verdict tainted by passion and prejudice, and Plaintiffs impermissibly seeks a punitive damage award that bears an unconstitutional relationship to the alleged actual amount in question. Imposition of punitive damages in this case would constitute a violation of the Defendants' constitutional rights under the Fourth, Fifth, Sixth, Eighth and Fourteenth

Amendments to the United States Constitution. Any award of punitive damages in this case would violate the constitutional rights and safeguards provided to the Defendants under the Due Process Clause of the Fourteenth Amendment and/or Fifth Amendment to the Constitution of the United States of America and under the Due Process Clause of Article III, Section 14 of the Constitution of the State of Mississippi in that punitive damages and any method of which they might be assessed are unconstitutionally vague and not rationally related to legitimate government interests. It violates the rights and safeguards guaranteed by the Constitution of the United States of America and the Constitution of the State of Mississippi to impose punitive damages against the Defendants which are penal in nature by requiring a burden of proof on the Plaintiffs which is less than the "beyond a reasonable doubt" burden of proof required in criminal cases in this state. The awarding of disproportionate judgments against a Defendant who commits similar offenses resulting in similar injury, who differs only in material wealth, constitutes an arbitrary and invidious discrimination prohibited by the Equal Protection Clauses and rights of the Defendant under the Fourteenth Amendment to the Constitution of the United States.

**TWENTY NINTH DEFENSE**

Defendants have acted in good faith and not acted in a manner to evidence willful and wanton grossly negligent conduct towards Plaintiffs.

**THIRTIETH DEFENSE**

Defendants have acted reasonable and have not acted with any conduct which could be characterized as being grossly negligent, willful, wanton, or intentional with reckless disregard for the rights of the Plaintiffs.

**THIRTY FIRST DEFENSE**

Because of the lack of clear standards, the imposition of punitive damages against Defendants would be unconstitutionally vague and/or overly broad.

**THIRTY SECOND DEFENSE**

No act or omission of Defendants was malicious, willful, wanton, reckless, outrageous or grossly negligent and, therefore, any award of punitive damages is barred.

**THIRTY THIRD DEFENSE**

With respect to Plaintiffs' demand for punitive damages, Defendants specifically incorporate by reference any and all standards or limitations regarding the determination and enforceability of punitive damage awards Defendants stated in *BMW of North America v. Gore*, 116 S. Ct. 1589 (1996) and its progeny including *State Farm v. Campbell*, 538 U.S. 408 (2003).

AND NOW, having answered the allegations as contained in the Complaint, and having asserted defenses thereto, Kroger Defendant prays that the Plaintiff's Complaint should be dismissed and that all costs associated with the Complaint should be taxed against the Plaintiff, including the Defendant's expenses and legal fees, and Defendant further prays for any other relief this Court may deem appropriate.

**RESPECTFULLY SUBMITTED**, this the 21st day of December, 2023.

FOR: **KROGER LIMITED PARTNERSHIP I**

BY:   */s/ Michael E. Phillips*
      Michael E. Phillips

OF COUNSEL:

Michael E. Phillips (MSB #100119)
Claire K. Robinett (MSB 104984)
**HAGWOOD AND TIPTON**
124 One Madison Plaza, Suite 2300
Madison, MS 39110
Telephone: 601-608-6300
Fax: 601-362-3642
Email: mphillips@hatlawfirm.com
Email: crobinett@hatlawfirm.com

## **CERTIFICATE OF SERVICE**

I, the undersigned, attorney of record for Defendant, Kroger Limited Partnership I, do hereby certify that I have this day served copies of the foregoing *Answer and Defenses* via the ECF filing system, which sent notice to the following counsel of record:

Phillip L. Londeree (MSB #104050)
LONDEREE & TOWNSEND, LLC
419 South Main St.
P.O. Box 445
Petal, MS 39465
Phone: 601-336-5033
Fax: 601-336-6483
Email: phillip@ltzlaw.com
ATTORNEY FOR PLAINTIFF

**THIS**, the 21st day of December, 2023.

BY:   */s/ Michael E. Phillips*
         Michael E. Phillips